UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

TAYLOR CASEY, AUDRA AWAI,
CLIFFORD KLEIN, JOYCELYN            Case No.
STINSON, MELISSA SHIPMAN,
and AMY KISZ, on behalf of
themselves and all others similarly situated,

      Plaintiffs,

v.

FLORIDA COASTAL SCHOOL
OF LAW, INC., and DOES 1-20,

      Defendants.
_____/

**NOTICE OF REMOVAL**
**(DIVERSITY-CLASS ACTION FAIRNESS ACT)**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453, Defendant Florida Coastal School of Law ("FCSL"), by and through its attorneys, removes to this Court the action titled TAYLOR CASEY, AUDRA AWAI, CLIFFORD KLEIN, JOYCELYN STINSON, MELISSA SHIPMAN, and AMY KISZ, on behalf of themselves and all others similarly situated v. FLORIDA COASTAL SCHOOL OF LAW, INC., and DOES 1-20, Case No. 12-03990 CA 40 (the "Action"), which was originally filed in Circuit Court Of The 11th Judicial Circuit In And For Miami-Dade County, Florida, General Jurisdiction Division.  As grounds for removal, FCSL states as follows:

    1. As set forth below, this Court has original jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), because this matter is a civil action in which the amount in controversy exceeds the sum of $5,000,000, exclusive of costs and

interest, has more than 100 putative members of the class, and is between citizens of different states.

2. By filing this Notice of Removal, FCSL does not intend to waive, and hereby reserves, any objection as to venue, the legal sufficiency of the claims alleged in the Action and all other defenses. FCSL reserves the right to supplement and amend this Notice of Removal.

## BACKGROUND

3. On February 1, 2012, Taylor Casey, Audra Awai, Clifford Klein, Joycelyn Stinson, Melissa Shipman and Amy Kisz commenced this putative class action by filing a Complaint in the Miami-Dade Circuit Court (the "Complaint" or "Compl."). (Copies of the Complaint and all other papers in the Court file are attached hereto as Exhibit A.) Process was served on FCSL on February 6, 2012 by delivery to an agent authorized by FCSL to receive process.

## BASES FOR REMOVAL

**Sufficient Diversity Of Citizenship Exists To
Give Rise To Federal Jurisdiction Over This Class Action**

4. The Class Action Fairness Act provides for federal jurisdiction over class action cases where there is at least minimal diversity of citizenship. *See* 28 U.S.C. § 1332(d). Here, there is sufficient diversity. FCSL is a citizen of both Florida and Delaware, as its principal place of business is in Jacksonville, Florida, and it is incorporated in Delaware. Four of the named Plaintiffs reside and work in states other than Florida. (*See* the Declaration of C. Peter Goplerud III ("Goplerud Decl.") ¶ 4, attached hereto as Exhibit B.)

5. The Complaint alleges that named Plaintiff "Lieutenant Audra Awai lives in Washington State and is currently on active duty in the United States Army," Compl. ¶ 16;

named Plaintiff Joycelyn Stinson "moved to Maryland and is currently studying for the Maryland Bar Exam," *id.* ¶ 18; named Plaintiff Melissa Shipman "is a practicing attorney in Tennessee" who "currently owns and operates her own law firm," *id.* ¶ 19; and named Plaintiff Amy Kisz "is a practicing attorney in North Carolina," *id.* ¶ 20.  Accordingly, the diversity requirements of 28 U.S.C. § 1332(d)(2)(A) are met because "any member of a class of plaintiffs is a citizen of a State different from any defendant."  For purposes of removal under 28 U.S.C. § 1441, the citizenship of the defendants described as "DOES 1-20" is disregarded.  *See* 28 U.S.C. § 1441(a).

6. Upon information and belief there is no basis for this Court to decline to exercise federal subject-matter jurisdiction over this class action under the factors set forth in 28 U.S.C. §§ 1332(d)(3) and (4).

**The Class Action Fairness Act**
**Amount In Controversy Threshold Is Satisfied**

7. The Class Action Fairness Act provides for federal subject-matter jurisdiction over class actions in which the aggregate value of all claims of the individual class members exceeds $5,000,000, exclusive of interest and costs.  28 U.S.C. § 1332(d)(6).

8. FCSL disputes that it has any liability to Plaintiffs or any putative class member.  Indeed, the law school intends to promptly move to dismiss the entire action.

9. Nevertheless, as pled, the Complaint seeks more than $5,000,000 in damages in this Action.  Plaintiffs' Complaint alleges that "[FCSL] students graduate on average with a whopping *$120,410.00* in loans" and that "[t]he current tuition for [FCSL] is $35,302.00, excluding fees and living expenses."  Compl. ¶ 8 (emphasis in original).  Plaintiffs add that "[t]he current tuition for [FCSL] is $35,302.00, while room, board and other expenses are estimated to be at least $22,000.00, bringing the annual cost to well over $57,000.00

3

annually." *Id.* ¶ 22.  Plaintiffs further allege that "over 400 students graduate from [FCSL] each year," *id.* ¶ 87, and that 91 percent of FCSL graduates took out loans to attend.  *Id.* ¶ 62.  Plaintiffs also state that "[c]urrently, [FCSL] enrolls over 1,600 students," *id.* ¶ 64, and that the putative class of Plaintiffs – "[a]ll persons who are either presently enrolled or graduated from [FCSL] within the statutory period" – "likely contain[s] at least 3,000 people." *See id.* ¶¶ 85, 87.  Plaintiffs' Complaint further alleges that "over 400 students graduate from [FCSL] each year." *Id.* ¶ 87.

10. The Plaintiffs "seek damages and equitable relief . . . which includes but is not limited to . . . refunding and reimbursing current and former students for tuition paid to [FCSL]." *Id.* ¶ 12.  In the Prayer for Relief in the Complaint, Plaintiffs seek, among other things, "partial restitution and disgorgement of tuition monies remitted to [FCSL], *totaling $100 million*." (emphasis added).  Thus, on its face, the Complaint seeks an amount in controversy in excess of $5,000,000, exclusive of interest and costs.

11. Moreover, applying the figures cited in the Complaint to establish a total, potential amount of damages separate and apart from the amount alleged in the Prayer for Relief, the amount in controversy greatly exceeds $5,000,000, exclusive of interest and costs.  By multiplying the number of alleged members of the putative class (3,000) by the current tuition for which Plaintiffs seek reimbursement ($35,302), the total alleged amount in controversy would be $105,906,000.  Even using the current student enrollment figure for FCSL—alleged by Plaintiffs to be over 1,600—and multiplying that figure by the amount of annual tuition for which Plaintiffs' putative class seeks reimbursement ($35,302)—and even excluding the Plaintiffs' claimed $22,000 in per person annual living expenses—the amount allegedly at issue would be $56,483,200.

4

12. Moreover, using the statistical information compiled by the law school concerning graduates, current students and tuition figures, and crediting Plaintiffs' class definition for this purpose only, the amount in controversy would be at least $61,591,046. *See* Goplerud Decl. ¶¶ 7-10.[1]

13. In addition, Plaintiffs' seek punitive damages and attorneys' fees from Defendants, thereby adding to the total amount in controversy. *See* Compl. ¶¶ 110, 118, Prayer for Relief.

**Notice of Removal is Timely Filed**

14. This notice of removal has been timely filed. FCSL was served with the Complaint on February 6, 2012. Accordingly, this Notice of Removal has been filed within 30 days. *See* 28 U.S.C. §1446(b).

**Consent of All Defendants Not Required**

15. By this notice, FCSL consents to this removal. 28 U.S.C. § 1453(b).

**Notice To Plaintiffs And State Court**

16. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiffs and a copy is being filed with the Clerk of the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida, via the Notice of Filing of Notice of Removal attached hereto as Exhibit C.

---

[1] FCSL objects to the purported definition of the class set forth in the Complaint, and disputes that this matter can be maintained as a class action under Federal Rule of Civil Procedure 23.

Dated: February 27, 2012

Respectfully submitted,

RUSSOMANNO & BORRELLO, P.A.
Museum Tower, Penthouse 2800
150 West Flagler Street
Miami, Florida 33130
Telephone: (305) 373-2101
Facsimile: (305) 373-2103

By: /s/ Herman J. Russomanno_____
    Herman J. Russomanno (Fla. Bar No. 240346)
    Herman J. Russomanno III (Fla. Bar No. 21249)

Venable LLP
Rockefeller Center
1270 Avenue of the Americas, 24th Floor
New York, NY 10020
(212) 307-5500 (tel.)
(212) 307-5598 (fax)

*Counsel for Defendant*
*Florida Coastal School of Law*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on this 27th day of February, 2012, by U.S. mail and email transmission to:

| | |
|---|---|
| Elio F. Martinez, Jr., Esq.<br>Carlos F. Concepcion, Esq.<br>Manuel A. Rodriguez, Esq.<br>Concepcion Martinez & Bellido<br>225 Aragon Avenue, 2nd Floor<br>Coral Gables, Florida 33134 | David Anziska, Esq.<br>The Law Offices of David Anziska<br>305 Broadway, 9th Floor<br>New York, New York 10007 |
| Jesse Strauss, Esq.<br>Strauss Law, PLLC<br>305 Broadway, 9th Floor<br>New York, New York 10007 | |

/s/ Herman J. Russomanno III
Herman J. Russomanno III

6